JOSEPH E. AMOROSE, PLAINTIFF-RESPONDENT, v. PEERLESS HOME MADE BAKING COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May term, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellants, *Pomerehne, Laible & Kautz.*

For the respondent, *Richard J. Fitz Maurice.*

PER CURIAM.

This was an action for the recovery of rent of property No. 320 Central avenue, East Orange, brought in the District Court of that city. The case was tried before the judge and a jury and resulted in a verdict for the plaintiff in the sum of $250. The defendant appeals and assigned as reasons for reversal refusal of the court to grant defendant's motion for nonsuit made at the end of plaintiff's case and a like refusal to grant a motion for the direction of a verdict in favor of the defendant at the close of the entire case.

We think the motions should have been granted. The premises were leased on January 26th, 1926, by the plaintiff to the defendant for a period of three years at a rental of $90 per month for the first year, and varying increasing sums for the remaining period. In the month of April of that year the defendant applied to the landlord to reduce the rent. This the plaintiff refused to do, but said that he had a store at No. 324 Central avenue which he would rent for varying sums, less, however, than the rent defendant was paying. To this the defendant replied that it was satisfactory and asked the plaintiff to move his fixtures for him, which the latter did. The defendant then moved from the premises No. 320 Central avenue to No. 324, paying the rent for No. 320 to April 30th, 1926, and subsequently made payment of the rent for No. 324 from that date up to and including December 1st, 1926. The plaintiff moved into and occupied premises No. 320 a few days after it was vacated by the defendant. The present action was not brought until July, 1927, and claimed for the rent

due for the preceding five months of January, February, March, April and May, 1927.

It is inconceivable that it was the intention of the parties or either of them to continue the lease. It is clear that the contract was for the substitution of one property for another as is clearly evinced by the defendant's statement that he was unable to pay the rent of No. 320, the suggestion of the plaintiff to substitute No. 324 and his prompt occupancy of the property himself. No other construction we think could the jury draw therefrom.

In this state of the proofs we think the defendant was entitled to have its motions granted. *Sypherd* v. *Myers,* 80 *N. J. L.* 321. We think it conclusively appears that there was a surrender by the tenant and an acceptance of that surrender by the landlord, and that in consequence no claim could be predicated on the lease theretofore executed.

· The judgment is reversed.